UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
**CASE NO. 1:07-CR-21-R**

UNITED STATES OF AMERICA,                                    PLAINTIFF

v.

FAHRUDIN MUSIC,                                              DEFENDANT

### OPINION & ORDER

This matter comes before the Court on the United States of America's ("Government" or "United States") Motion to Revoke the Order Releasing the Defendant Pending Trial (Docket #19). The Defendant, Fahrudin Music ("Music") has responded to that motion (Docket #22), and the Government has replied to that response (Docket #23). This matter is now ripe for adjudication. For the following reasons, the United States' Motion to Revoke is **GRANTED**.

### PROCEDURAL & FACTUAL BACKGROUND

On February 20, 2007, the Bowling Green, Kentucky Police Department ("BGPD") responded to a call from the Father of a minor thirteen (13) year old girl ("Minor"), claiming that she had been taken to a local motel by Music, a resident of Lawrenceville, Georgia, on the evening of February 19, 2007, and/or the late morning of February 20, 2007. The Father was concerned about the welfare of his daughter, as he supposed improper sexual conduct could take place between his daughter and Music. After the incident, the BGPD questioned the Minor and she informed them that she did go to a local Motel 6 in Bowling Green with Music, where he allegedly attempted to touch her breasts and vagina. In addition, the Minor told police that Music twice attempted to put her hand on his genital area. The Minor said she refused these attempts, asked Music to take her home, and he complied with her request.

On March 7, 2007, the BGPD arranged for the Lawrenceville, Georgia Police

Department ("LPD") to interview Music about the alleged events at the Motel 6 in Bowling Green with the Minor. Music claimed the Minor told him she was eighteen (18) years old. In addition, Music initially denied any sexual contact with her. However, during that same recorded interview, Music eventually acknowledged fondling and kissing the breasts of the Minor as well as having her stroke his penis, before he ultimately masturbated to a climax in her presence. Music did not admit knowing that the Minor was only thirteen (13) years old at the time.

On March 12, 2007, the Minor was interviewed once again by the BGPD, this time with a social worker present. The Minor informed them that Music knew she was thirteen (13) because she had told him. In addition, the Minor informed the police that Music wanted to have sex with her, but she protested his advances. The Minor reported that Music fondled and kissed her breasts, and she eventually admitted that she had stroked his penis, and afterwards, Music continued to masturbate in front of her.

After this interview, the BGPD interviewed the Father and Sister of the Minor. Both of them informed the police that they had let Music know that the Minor was thirteen (13) years old before his encounter with the Minor at the Motel 6. Both the Father and the Sister said they let Music know about this on two (2) separate occasions prior to the incident in question. During the interview with the Sister (fifteen (15) at the time of the incident), it was discovered that Music had contacted the Sister a year before and had attempted to meet up with her. It was through the Sister that Music became acquainted with the Minor.

On April 11, 2007, the Minor experienced nausea, and after seeking medical treatment she tested positive for pregnancy. Upon re-interviewing the Minor on April 12, 2007, the Minor

admitted that had not told the truth in her last interview, revealing that she had sexual intercourse with Music twice in the motel room on February 20, 2007, and during one of those instances Music ejaculated.  The police also re-interviewed Music who admitted to them that the Minor had performed oral sex on him, but he denied sexual intercourse.  In addition, Music repeated that the Minor had told him that she was eighteen (18), and the older sister told him that her age (the Sister's) was nineteen (19).  However, during this interview, Music eventually acknowledged that the Father of the Minor had informed him that his daughter was only thirteen (13) before the incident at the Bowling Green Motel 6.

The Minor identified two (2) people, including the Defendant, as the possible father. However, a later test ultimately showed the Minor was not pregnant.  A one (1) count indictment was issued charging that the Defendant violated 18 U.S.C. § 2423; Transportation in Interstate Commerce With Intent to Engage in Criminal Sexual Activity with a Minor.  After the indictment, the Minor was placed in a foster home.  When the Father of the Minor went to pick her up for a weekend visit, he was accompanied by the father the Defendant, where the Defendant's father allegedly spoke with the Minor.

On June 11, 2007, a hearing was held before the Honorable Magistrate Judge E. Robert Goebel ("Judge Goebel"), for the purposes of arraignment and detention.  At that hearing, the Court ultimately determined that the Defendant had rebutted the presumption against detention as there were conditions and combinations of conditions that would reasonably assure the appearance of the Defendant as well as the safety of the community and others, including the Minor.  The Defendant was released on: a no-contact provision not only with the Minor, but also her family and any other minor females; total home detention except for supervised medical

treatment or meetings with his attorney; electronic monitoring; travel restrictions (including turning in his passport); third-party custodianship with his parents; and reporting to a probation officer in Georgia. Judge Goebel also took into consideration the fact that the Defendant had no prior criminal history and that there was no evidence of forcible compulsion. The Magistrate Judge also stated that should the Defendant break any of the conditions, no matter how slight, his bond would be revoked and he would be incarcerated pending trial.

In the instant motion, the Government contends that the presumption in this matter was never rebuttable because a charge under 18 U.S.C. § 2423(b)[1] contains no element of forcible compulsion, and therefore, this factor should not have been considered by Judge Goebel. The Government also contends that the absence of criminal history is insufficient to overcome the presumption in this matter. Further, the Government asserts that it showed by clear and convincing evidence that the Defendant is a danger to the community. Lastly, the Government argues that the parents of Music are inappropriate as custodians in this matter because they demonstrated a lack of candor with the Court when they first informed the Court at the June 11, 2007 hearing that the passport of the Defendant was at their home in Georgia when the Court questioned its whereabouts; however, after the Court informed the Defendant that he would be released upon turning in his passport, the parents immediately produced the passport, which apparently had been in the courtroom the whole time. The Government also points out the

_____

[1]Section 2423(b) states: "(b) Travel with intent to engage in illicit sexual conduct.--A person who travels in interstate commerce or travels into the United States, or a United States citizen or an alien admitted for permanent residence in the United States who travels in foreign commerce, for the purpose of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both." "Illicit sexual conduct" is defined as "any commercial sex act (as defined in section 1591) with a person under 18 years of age."

inappropriate contact by the Defendant's father with the Minor as another reason why the parents of Music are not proper custodians in this matter.

## STANDARD

The Court applies a *de novo* standard of review when addressing a detention order of a Magistrate Judge. *See U.S. v. Romans*, 215 F.3d 1328, *1 (6th Cir. 2000); *see also U.S. v. Yamini*, 91 F. Supp.2d 1125, 1130 (S.D. Ohio 2000).  During such a review, the Court must examine whether the Magistrate Judge properly determined that the Defendant demonstrated that his release would not pose a flight risk or a danger to any person or the community, thereby rebutting the presumption under 18 U.S.C. § 3142(e); if the Court determines that the Magistrate Judge properly held that the Defendant has rebutted this presumption, the Government retains the burden of persuasion to prove by clear and convincing evidence that the Defendant is a risk of flight or danger to the community. *Romans* at *1; *see also U.S. v. Legg*, 211 F.3d 1271, *1 (6th Cir. 2000).

## DISCUSSION

The Government contends that the Defendant never rebutted the presumption as mandated by 18 U.S.C. § 3142(e), and even if he did, the Government proved by clear and convincing evidence that the Defendant is a flight risk and danger to the community under 18 U.S.C. § 3142(g).  18 U.S.C. § 3142(e) states, in pertinent part:

> If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.  In a case described in subsection (f)(1) of this section, a rebuttable

presumption[2] arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community if such judicial officer finds that--

(1) the person has been convicted of a Federal offense that is described in subsection (f)(1) of this section, or of a State or local offense that would have been an offense described in subsection (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed;
(2) the offense described in paragraph (1) of this subsection was committed while the person was on release pending trial for a Federal, State, or local offense; and
(3) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1) of this subsection, whichever is later.[3]

In determining whether a release is warranted in a particular situation, the statute requires the Court to use four (4) factors, listed under § 3142(g), in determining whether there are conditions of release that will "reasonably assure" the appearance of the Defendant and the safety of the community. *See* 18 U.S.C. § 3142(g)(stating in part that "[t]he judicial officer shall, in determining whether there are conditions of release that will *reasonably assure* the appearance of the person as required and the safety of any other person and the community"(emphasis added)); *see also U.S. v. Hansen*, 108 Fed. Appx. 331, 332 (6th Cir. 2004)(noting that the requirement is not one of "guarantee," but instead "reasonable assurance.").  These four (4) factors under Section 3142(g) include:

_____

[2]A rebuttable presumption arises after a court finds probable cause that the defendant committed the offense charged. 18 U.S.C. § 3142(e).

[3]Section 3142(f)(1)(E) states "[t]he judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community...[for] any felony that is not otherwise a crime of violence that involves *a minor victim* or that involves the possession or use of a firearm or destructive device" (emphasis added).  Based on the statute, the Magistrate Judge properly held "a hearing to determine whether condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  The purpose of the hearing was to determine whether the Defendant had rebutted the presumption "that no condition or combination of conditions will reasonably assure the safety of any other person and the community."  At the hearing of June 11, 2007, the Magistrate Judge determined that the Defendant had rebutted the presumption and that the Government had not demonstrated by clear and convincing evidence that Music was a flight risk and a danger to the community.

6

1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including--

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

As mentioned *supra*, the Magistrate Judge found that the presumption had been rebutted, citing the lack of any prior criminal record or any allegation of forcible compulsion, and therefore, rather than detain the Defendant before the trial the Court decided to release him with "some rather severe restrictions."  In addition, at the hearing, Judge Goebel asked the Government whether sexual contact alone was enough under 18 U.S.C. § 3142 to preclude the Defendant from rebutting the presumption.  The Government did not directly answer the question, but instead noted that under the crime charged the Defendant must have had the intent to travel in interstate commerce to have sex with a minor, and that he was not charged with having sex with a minor.  The Government also informed the Court that the Father and the Sister of the Minor both had stated that they had informed the Defendant prior to the incident that she was only thirteen (13) years old, and that Music had admitted to this during his second interview with the police.[4]  When taking all of these factors into consideration, the Court determined that

---

[4]In its motion, while the Government argues that the Magistrate Judge "recognized" as a fact that the Father and Sister of the Minor both told the Defendant the Minor was only thirteen (13) prior to the incident, the Magistrate Judge did not recognize this as an established fact, but the record indicates the Court recognized this particular argument set out by the Government.  After the Government made this argument, the Court stated "[y]ou are going to get into a swearing contest somewhat," referring to the alleged comments by the Father, the Minor and her Sister

the Defendant had rebutted the presumption, and therefore, the Court released the Defendant on bond before trial.

In reviewing the record and the findings by the Magistrate Judge, this Court finds that the Magistrate Judge erred in releasing the Defendant on bond pending trial.  The Magistrate Judge reasoned that because Music had no prior criminal record and because his actions did not involve forcible compulsion, Music was not a danger to the community and to the Minor.  Further, to ensure that Music would appear for trial and would not contact the Minor, the Magistrate Judge placed restrictions on Music that not only limited and monitored his movement and travel, but also explicitly forbade him from contacting the Minor, her family or any other minor females.  As such, the Magistrate Judge found that a specific "condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  However, while these restriction may help to ensure that the Defendant is not a flight risk, the Court finds that despite these restrictions and in looking at the four (4) factors set out in § 3142(g), the Defendant is still a danger to the community.

The Government correctly points out that the first factor favors denying a release in this situation because the alleged crime involved a minor, and therefore, constitutes a crime of violence. 18 U.S.C. § 3142(g)(1); *U.S. v. Champion*, 248 F.3d 502, 506 (6th Cir. 2001) (recognizing that violations of federal statutes designed to protect minors constitute a crime of violence); *U.S. v. Campbell*, 256 F.3d 381, 397-8 (6th Cir. 2001); *see also United States v. Martinez*, 250 F.3d 1101, 1105 (7th Cir.2001)("[e]ngaging in sexual intercourse with a thirteen-year-old girl was a 'crime of violence'"); *U.S. v. Abad*, 350 F.3d 793, 798-99 (8th Cir.

---

regarding whether they informed Music about the actual age of the Minor. (See Hearing Transcript, Page 18).

2003)(recognizing that a violation of 18 U.S.C. § 2423 constitutes a crime of violence despite the consent of the minor, in a case involving a twenty-six (26) year old man who traveled from Florida to Iowa to engage in sexual activities with a thirteen (13) year old girl.).[5]

In looking at the second factor, the weight of the evidence, at the hearing, the Magistrate Judge noted that a factual issue may exist as to whether Music knew he was traveling in interstate commerce to engage in sexual activity with a minor, noting that not only had the Minor previously been untruthful with authorities, and therefore may have not been forthcoming with the Defendant, but also that the Defendant may have had a good faith belief that the Minor was eighteen (18) years old.[6]  However, the Defendant admitted to the police in his second interview that the Father of the Minor had informed him that his daughter was only thirteen (13) years old prior to the encounter at the Motel 6.  In addition, the Sister of the Minor has also stated that she had informed Music that her sister was only thirteen (13) years old.  Accordingly, the weight of the evidence against Music does not favor release as the evidence produced by the Government shows that the Defendant had the intent to engage in sexual conduct with a minor, in violation of 18 U.S.C. § 2423(b).

In looking at the third factor, while the Magistrate Judge correctly noted that the

---

[5]The Court concurs with the Government that the Magistrate Judge erred when it considered "forcible compulsion" and/or consent in determining whether the Defendant was a flight risk or danger to the community, as this consideration was not an element under 18 U.S.C. § 2423 nor does it limit the determination that under these circumstances since under first factor of 18 U.S.C. § 3142(g), a sexual crime against a minor constitutes a crime of violence. *See U.S. v. Abad*, 350 F.3d 793, 798-99 (8th Cir. 2003)(recognizing that a violation of 18 U.S.C. § 2423 constitutes a crime of violence despite the consent of the minor)(citing *Guarro v. United States*, 237 F.2d 578, 581 (D.C. Cir.1956); *United States v. Gomez-Hernandez*, 300 F.3d 974, 979 (8th Cir.2002)).

[6]A defense to a violation of 18 U.S.C. § 2423, as set out by the statutes, states: "(g) Defense.--In a prosecution under this section based on illicit sexual conduct as defined in subsection (f)(2), it is a defense, which the defendant must establish by a preponderance of the evidence, that the defendant reasonably believed that the person with whom the defendant engaged in the commercial sex act had attained the age of 18 years."

Defendant did not have a prior criminal history, indicating that § 3142(g)(3)(A) & (B) favor release, no prior criminal history does not automatically mandate release, as courts have held that this factor alone does not preclude detention. *See Abad*, 350 F.3d at 798 (noting even though the defendant had no prior criminal history, "the nature of the crime charged -sexual activity with a minor- weighs heavily against release."); *U.S. v. Mercedes*, 254 F.3d 433, 438 (2d Cir. 2001)(reversing the decision of the district court to release the defendant, even though the defendant had no prior criminal record).  Accordingly, while this factor favors release, it does not necessarily mean the Defendant is not a danger to the community.

Lastly, in looking at the fourth factor, the nature and seriousness of the danger to any person or the community that would be posed by the person's release, evidence has been presented that this may not have been the first time the Defendant has attempted to contact a minor for purposes of engaging in sexual conduct.  The Sister of the Minor, who is also a minor, has stated that the Defendant had initially contacted her before he contacted her sister.  While the restrictions placed by the Magistrate Judge may likely limit the contact between the Defendant and the Minor and her family, it does not ensure that the Defendant may not contact other minors through the telephone or internet. *See Abad*, 350 F.3d at 799 (noting that the defendant, who allegedly told the minor he had sexual intercourse with another minor prior to his contact with the minor in that matter, was a danger to the community despite the restrictions imposed by the district court).  Accordingly, the fourth factor under § 3142(g) does not favor release because the Defendant is still a danger to the community.

A collective examination the four (4) factors weighs in favor of detaining the Defendant before trial.  The Magistrate Judge erred in determining that the Defendant met his burden in

rebutting the presumption and that the Government has not "proven by clear and convincing evidence that there were no conditions of release that would reasonably assure the safety of any other person and the community," as the evidence put forward by the Government indicates the Defendant is still a danger to the community, and therefore, the Defendant did not rebut the presumption under Section 3142(e). *Legg*, 211 F.3d 1271,*1.   Accordingly, the Magistrate Judge erred in determining that the Defendant had rebutted the presumption, and therefore, the release of the Defendant pending trial was improper as the United States has showed by clear and convincing evidence that the Defendant is a danger to the community and that no conditions can reasonably assure the safety of the community in this matter.[7]

## CONCLUSION

**IT IS ORDERED** for the foregoing reasons, the United States' Motion to Revoke the Order Releasing the Defendant Pending Trial (Docket #19) is **GRANTED**.  The Defendant shall be detained pending trial**.   The Defendant shall surrender to the U.S. Marshal in Atlanta, Georgia by 5:00 p.m. EDT July 17,  2007.**


cc:     Counsel/AUSA
        U.S. Probation
        U.S. Marshal

---

[7]As the Court has determined to grant the Motion to Revoke the Order releasing the Defendant pending trial, it need not determine whether the parents of the Defendant are appropriate custodians.

11