FILED
DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

2008 JAN 18  PM 1:21

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### BOWLING GREEN DIVISION
### CRIMINAL ACTION NO: 1:07CR-21-R

## UNITED STATES v. MUSIC

# JURY INSTRUCTIONS

# INSTRUCTION NO. 1

## Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crime that the Defendant is accused of committing.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the Defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

# INSTRUCTION NO. 2

## Presumption of Innocence, Burden of Proof, Reasonable Doubt

As you know, the Defendant has pleaded not guilty to the crime charged in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the Government tells a Defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, a Defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that a defendant is innocent. This presumption of innocence stays with the Defendant unless the Government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that a Defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the Government to prove that a Defendant is guilty, and this burden stays on the Government from start to finish. You must find a Defendant not guilty unless the Government convinces you beyond a reasonable doubt that he is guilty.

The Government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.

## INSTRUCTION NO. 3

### Direct and Circumstantial Evidence

You have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight you should give to either one, or says that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INSTRUCTION NO. 4

### Substantive Law

Count 1 of the Indictment charges the Defendant with violating Title 18, United States

Code, Section 2423(b), which makes it a federal crime for any person to travel in interstate

commerce for the purpose of engaging in a sexual act with a person under sixteen (16) years of

age, if that conduct would be in violation of Title 18, United States Code, Section 2243(a).

Title 18, United States Code, Section 2243(a) makes it a federal crime or offense for

any person in the special maritime and territorial jurisdiction of the United States to knowingly

engage in a sexual act with a person between the ages of twelve (12) and sixteen (16) and who is

at least four years younger than the defendant.

For you to find the Defendant guilty of this crime, the Government must prove each and

every one of the following elements beyond a reasonable doubt:

First:       That the Defendant traveled from one state to another state;

Second:   That at the time of this travel, the Defendant had the intent to engage in a
            sexual act with a person who (A) had attained the age of twelve (12) years
            but had not attained the age of sixteen (16) years and (B) was at least four
            years younger than the Defendant; and

Third:      That the Defendant acted knowingly.  It is not necessary that the
            government prove that the Defendant knew D.M. had reached the age of
            twelve (12), but had not yet reached the age of sixteen (16), or that the
            Defendant knew that D.M. was at least four years younger than the
            Defendant.

The parties have stipulated that at the time of the interstate travel the Defendant had the

intent to engage in a sexual act with D.M.

## INSTRUCTION NO. 5

### Stipulation

The parties have agreed and stipulated the following facts:

(1) On or about February 19, 2007, the Defendant knowingly traveled from Georgia to Bowling Green, Kentucky.

(2) At the time of this travel, the Defendant had the intent to engage in a sexual act with D.M.

(3) D.M. was born June 30, 1993.

(4) The Defendant was born August 1, 1983.

(5) At no time did the Defendant threaten or place D.M. in fear that she would be subjected to death, serious bodily injury, or kidnapping.  At no time did the Defendant use force, intimidation, or coercion.  Had D.M. been of legal age, the sexual act was otherwise consensual.

## INSTRUCTION NO. 6

### Affirmative Defense

In a prosecution such as this, it is a defense that the Defendant reasonably believed that D.M. had reached the age of sixteen. The defendant has the burden of proving by a preponderance of the evidence that he reasonably believed that D.M. had reached the age of sixteen.

To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. So long as you find that the scales tip, however slightly, in favor of the Defendant-that what he claims is more likely true than not true-then the affirmative defense will have been proved by a preponderance of evidence.

If you find that the Defendant reasonably believed that D.M. had reached the age of sixteen, you must find the Defendant not guilty.

## INSTRUCTION NO. 7

A Defendant has an absolute right not to testify.  The fact that he did not testify cannot be considered by you in any way.  Do not even discuss it in your deliberations.

Remember that it is up to the Government to prove the Defendant guilty beyond a reasonable doubt.  It is not up to the Defendant to prove that he is innocent.

## INSTRUCTION NO. 8

### Child Witness

You have heard the testimony of persons under the age of eighteen (18).  No witness is disqualified just because of age.  There is no precise age that determines whether a witness may testify.  With any witness, young or old, you should consider not only age, but also the witness's intelligence and experience, and whether the witness understands the duty to tell the truth and the difference between truth and falsehood.

## INSTRUCTION NO. 9

You have heard testimony that D.M. told other people she was sixteen (16) years of age or older.  You shall consider that evidence only as it relates to her credibility.

## INSTRUCTION NO. 10

You must make your decisions based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decisions in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits and stipulations that I allowed into evidence.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said.  These things are not evidence, and you are bound by your oath not to let them influence your decisions in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**INSTRUCTION NO. 11**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to establish that conclusion.

**INSTRUCTION NO. 12**

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

## INSTRUCTION NO. 13

### Number of Witnesses

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## INSTRUCTION NO. 14

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO. 15

Now I would like to say something about the notes that you have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have taken notes or not, each of you must form and express your own opinion as to the facts of the case.

You will notice that we do have an official court reporter making a record of the trial. However, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

## INSTRUCTION NO. 16

If you decide that the Government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding the appropriate punishment is my job, not yours.

Your job is to look at the evidence and decide if the Government has proved the Defendant guilty beyond a reasonable doubt.

**INSTRUCTION NO. 17**

That concludes the part of my Instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages.  Do not ever write down or tell anyone outside the jury room how you stand on your votes.  That should stay secret until you are finished.

## INSTRUCTION NO. 18

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the Defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 19

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the Defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves the Defendant's guilt beyond a reasonable doubt. Every one of you must also agree that the Defendant has not proved his affirmative defense by a preponderance of the evidence.

To find the Defendant not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt. However, even if you find that the Government has overcome the presumption of innocence with evidence that proves the Defendant's guilt beyond a reasonable doubt, you must find the Defendant not guilty if every one you agrees that the Defendant has proved his affirmative defense by a preponderance of the evidence.

Either way, guilty or not guilty, your verdict must be unanimous.

I have provided a verdict form for your use. Once you record your verdict, your foreperson should then sign the form, put the date on it, and return it to me.

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### BOWLING GREEN DIVISION
### CASE NO.: 1:07-CR-21

**Verdict Form**

We the jury, find the Defendant, Fahrudin Music:


GUILTY_____          NOT GUILTY_____


_____          _____
            FOREPERSON                              DATE